# In the United States Court of Federal Claims

No. 18-1063

Filed: October 26, 2018

```
*******************************************
                                          *
CRAIG A. HENDRICKS,                       *
                                          *
        Plaintiff, pro se,                *
                                          *
v.                                        *
                                          *
THE UNITED STATES,                        *
                                          *
        Defendant.                        *
                                          *
*******************************************
```

**Craig A. Hendricks,** Leavenworth, Kansas, Plaintiff, *pro se*.

**Erin Kathleen Murdock-Park,** United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

### MEMORANDUM OPINION AND FINAL ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS

**BRADEN,** *Senior Judge.*

I.  **Relevant Factual Background.[1]**

On July 18, 2018, Craig A. Hendricks ("Plaintiff") filed a Complaint in the United States Court of Federal Claims alleging, in the order presented: (1) violations of Articles I–X of the United States Constitution;[2] (2) Plaintiff's access to internet domains was censored, Plaintiff's websites hacked, and Plaintiff's phones disconnected; (3) Plaintiff's criminal conviction and mental illness bar Plaintiff from owning a gun; (4) Plaintiff's mother "waged war on [Plaintiff] and [Plaintiff's] house[,] leading to homelessness;" (5) a "top secret Air Force computer system" invaded Plaintiff's privacy, stole Plaintiff's thoughts, and would respond to requests from Plaintiff's step-uncle Joe McCoy; (6) Plaintiff's life and property were "stolen," and no court would listen; (7) no counsel would take Plaintiff's case, so "life has been hell since 2007;" (8) Plaintiff's punishments are cruel and unusual, and not beneficial; (9) "most people and law bars use of [Plaintiff's] medicine;" (10) Plaintiff's "freedom has been stolen by injustices violating

---

[1] The alleged facts recited herein are derived from the July 18, 2018 Complaint ("Compl.").

[2] Since the United States Constitution only has seven Articles, the court construes the July 18, 2018 Complaint as referring to Amendments I–X of the Bill of Rights.

every amendment in the Bill of Rights;" and (11) the Government would not respond to information concerning a breach of top secret information by an artificial intelligence computer system, *i.e.*, "consolidated Eagles Wrath." Compl. at 1–2.

The July 18, 2018 Complaint requests alternative dispute resolution conducted by a third-party and $100,000,000.00 in damages. Compl. at 3.

## II.   Procedural History.

On July 18, 2018, Plaintiff filed an Application To Proceed *In Forma Pauperis*. ECF No. 4. On August 20, 2018, the court granted that motion. ECF No. 5.

On September 20, 2018, the Government filed a Motion To Dismiss Plaintiff's Complaint ("Gov't Mot."). ECF No. 7. On September 26, 2018, Plaintiff filed an "Objection" that the court construes as Plaintiff's Response ("Pl. Resp.") to the Government's September 20, 2018 Motion To Dismiss. ECF No. 8. On October 12, 2018, the Government filed a Reply In Support Of Its Motion To Dismiss Plaintiff's Complaint ("Gov't Reply"). ECF No. 9.

## III.   Discussion.

### A.   Subject Matter Jurisdiction.

Subject matter jurisdiction is a threshold issue that a court must determine at the outset of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'") (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

The Tucker Act, 28 U.S.C. § 1491, authorizes the United States Court of Federal Claims with jurisdiction to adjudicate "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act does not "create[] substantive rights." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009). Instead, the Tucker Act is a "jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (*e.g.*, statutes or contracts)." *Id.* "The other source of law need not explicitly provide that the right or duty it creates is enforceable through a suit for damages, but it triggers liability only if it 'can fairly be interpreted as mandating compensation by the Federal Government.'" *Id.* at 1552 (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)). "This 'fair interpretation' rule demands a showing demonstrably lower than the standard for the initial waiver of sovereign immunity." *Holmes v. United States*, 657 F.3d 1303, 1309 (Fed. Cir. 2011) (citations omitted).

The United States Court of Federal Claims has jurisdiction to "render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. To invoke Section 1495, a plaintiff must "allege and prove that: (1) His conviction has been reversed or set aside . . ., or that he has been pardoned . . . and (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such

charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution." 28 U.S.C. § 2513(a). "Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received." 28 U.S.C. § 2513(b).

### B. Standard of Review.

Rule 12(b)(1) of the United States Court of Federal Claims authorizes a party to file a motion asserting a "lack of subject-matter jurisdiction." RCFC 12(b)(1). "In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Stephens v. United States*, 884 F.3d 1151, 1155 (Fed. Cir. 2018) (citations omitted).

It has been the tradition of this court to "interpret [a] *pro se* complaint liberally." *Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018). A *pro se* plaintiff, however, "must still meet minimal [jurisdictional] standards to avoid dismissal." *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141 (Fed. Cir. 2018).

### C. The Government's September 20, 2018 Motion To Dismiss.

#### 1. The Government's Argument.

The Government argues that Plaintiff has not stated a claim within the subject matter jurisdiction of the United States Court of Federal Claims. Gov't Mot. at 4–7. The July 18, 2018 Complaint does not invoke a money-mandating statute and none of the first ten Amendments to the Bill of Rights are money-mandating with the exception of the Takings Clause of the Fifth Amendment. Gov't Mot. at 5–6. The United States Court of Federal Claims also lacks jurisdiction to review the judgments of state courts. Gov't Mot. at 6. Therefore, the July 18, 2018 Complaint does not allege facts that the court has jurisdiction to adjudicate and must be dismissed pursuant to RCFC 12(b)(1).

In the alternative, pursuant to RCFC 12(b)(6), the July 18, 2018 Complaint fails to state a claim upon which relief may be granted. Gov't Mot. at 8.

#### 2. Plaintiff's Response.

Plaintiff responds that the "Tucker Act is unconstitutional in [his] state and [he] do[es] not recognize [the court's] authority to determine [his] claim amount prior to [a] hearing." Pl. Resp. at 1. Plaintiff is "a citizen with rights in this case who decides that" the court "do[es] not have the right to decide otherwise." Pl. Resp. at 2.

#### 3. The Government's Reply.

The Government replies by renewing its request for dismissal for lack of subject matter jurisdiction. Gov't Reply at 1.

### D. The Court's Resolution.

As a threshold matter, the United States Court of Federal Claims does not have jurisdiction to adjudicate claims brought against parties other than the United States. *See* 28 U.S.C. § 1491(1)(a) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States[.]"). Although the July 18, 2018 Complaint identifies the United States in the case caption, it does not allege any claims against the United States. Compl. at 1–2.

Second, the July 18, 2018 Complaint does not allege facts sufficient to invoke the court's Takings Clause jurisdiction. "It is axiomatic that only persons with a valid property interest at the time of the taking are entitled to compensation." *Wyatt v. United States*, 271 F.3d 1090, 1096 (Fed. Cir. 2001). Nor does the July 18, 2018 Complaint allege a valid property interest, except for a single allegation that an artificial intelligence computer system "stole [Plaintiff's] thoughts." Compl. at 1.

Third, the July 18, 2018 Complaint does not allege facts sufficient to satisfy the jurisdictional prerequisites of Section 1495, *i.e.*, that Plaintiff's criminal conviction was or should be reversed or pardoned, or that Plaintiff did not commit the acts charged. *See* 28 U.S.C. § 2513(a). In addition, the July 18, 2018 Complaint does not include the required certificate or pardon. *See* 28 U.S.C. § 2513(b).

## IV. CONCLUSION.

For these reasons, the Government's September 20, 2018 Motion To Dismiss is granted. Accordingly, the Clerk of Court is directed to dismiss the Complaint, with prejudice.

**IT IS SO ORDERED.**

_____
**SUSAN G. BRADEN**
**Senior Judge**